WOLKENFELD v. NEW YORK RYS. CO.

(Supreme Court, Appellate Term, First Department.   June 23, 1915.)

STREET RAILROADS ⊕114—INJURY ON TRACK—WEIGHT AND SUFFICIENCY OF
    EVIDENCE—CONTRIBUTORY NEGLIGENCE.
        In an action for personal injury from being struck by defendant's sur-
    face car, verdict for plaintiff *held* against the weight of the evidence in
    respect to her contributory negligence.
        [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–
    250; Dec. Dig. ⊕114.]

Appeal from City Court of New York, Trial Term.

Action by Sadie Wolkenfeld, an infant, by Bertha Wolkenfeld, her
guardian ad litem, against the New York Railways Company.   Judg-
ment for plaintiff upon a verdict of a jury for $500, motion to set
aside the verdict denied, and defendant appeals.   Reversed, and new
trial ordered.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

James L. Quackenbush, of New York City (B. H. Ames, of New
York City, of counsel), for appellant.

Joseph Jeromer, of New York City (Jacob Axelrad, of New York
City, of counsel), for respondent.

PAGE, J.   This is an action to recover damages for personal in-
juries sustained by the plaintiff as a result of being struck and
knocked down by one of the defendant's surface cars.   The plaintiff,
a young girl, on her way to work at 8 o'clock a. m., was attempting
to cross the Bowery at Fourth street, going from east to west on, the
northerly crosswalk.   She testified that as she left the curb at the
northeast corner of the Bowery and Fourth street she saw a car go-
ing north on the Bowery in the middle of the block below and coming
towards her at a moderate speed, as if it had stopped in the middle
of the block and had just started.   There are two car lines upon the
Bowery, the more easterly the tracks of the Third Avenue line and
then those of the Fourth Avenue line.   After crossing the Third
Avenue tracks the plaintiff attempted to cross the Fourth Avenue
tracks, and was struck by the Fourth Avenue car and knocked back
towards the Third Avenue tracks.   On cross-examination she testi-
fied that she was crossing the street with a crowd of people, and they
ran to get ahead of the car, and she was in back of them and walked,
and that they got over and she did not; that she saw the car all the
time she was crossing the Third Avenue tracks and between the two
tracks; that when she got over the Third Avenue tracks the car was
near the south corner of Fourth street, going very fast.   On redirect
examination, however, she corrected her testimony, and stated that
the car was about 50 feet away when she crossed the first track and
was "just about starting."

Elsie Zwang, who accompanied the plaintiff and was about a foot be-
hind her when she was hit by the car, testified as a witness for the
plaintiff that she had just left the curb, crossing the street, when she

first saw the car, and it was "right on the south end side of the street (Fourth street), and it was pulling along as if it had stopped there and was starting going again"; that she was about a foot behind the plaintiff when, the car struck her, and the car did not stop after it had hit the plaintiff, but went ahead. On cross-examination she testified that the right-hand corner of the car hit the plaintiff and threw her over towards the Third Avenue tracks. She further stated that the distance from the curb to the Fourth Avenue tracks was 15 feet, and the distance from the south corner of Fourth street to where the plaintiff was struck was about 18 feet. The witness was then confronted with a written statement, which she admitted having made in her own handwriting, which related that she noticed the car approaching, and shouted to the 'plaintiff, and tried to pull her away from the car. She denied, however, that it was a correct statement of the facts, and said she was merely a child then, two years ago, and did not know what she was saying. The witness was 17 years old at the time of the accident. A druggist, who saw the accident from the front of his store at the corner, stated that the car was going quickly, and went about 6 feet after it struck the plaintiff before it stopped. The defendant offered no evidence as to the accident.

I am of the opinion, that the verdict as to contributory negligence was against the weight of evidence. The plaintiff admitted that she saw the car coming all the time she was attempting to cross the street. Thus, with her eyes on the car, she deliberately attempted to cross in front of it without running, when she had practically as great a distance to travel as the car had before reaching the point of contact. The plaintiff's testimony that she was going over just a little behind a crowd, and the crowd ran across to get ahead of the car, and she walked and did not get across, is very significant in this connection. Another part of the evidence which supports the defendant's contention is the written statement admittedly made by the plaintiff's companion and chief witness, Miss Zwang, that she shouted to the plaintiff and tried to pull her away from the car. The denial of this statement, on the ground that she was a 17 year old "child" when she made it and did not know what she was doing, is not convincing, since it was in her own handwriting.

Judgment is reversed, and new trial ordered, with costs to appellant to abide the event. All concur.